UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────X

SEAN ASHBY; REGINALD ASHBY; and
ENID ASHBY,

              Plaintiffs
  -against-

LASALLE NATIONAL BANK, AS TRUSTEE,
Under the pooling and Servicing Agreement
Dated November 1, 1998, Series 1998-4;
CITYSCAPE CORPORATION; FIRST
NATIONAL BANK OF BOSTON; FIRST
AMERICAN TITLE INSURANCE COMPANY
OF NEW YORK; USA BANKERS OF AMERICA,
INC.; QUICK HOME REALTY CORP.; PAUL
WOOTOEN, Esq.; GILBERT POLINSKY, Esq.;
KAZI A. HOSSAIN,

              Defendants
───────────────────────────────X

**MEMORANDUM AND ORDER**
05-CV-3272 (DLI)

IRIZARRY, United States District Judge:

    Plaintiffs Sean Ashby, Reginald Ashby and Enid Ashby, appearing *pro se,* bring this complaint and order to show cause as a repeat challenge to the foreclosure of real property located at 373 East 51st Street in Kings County. Plaintiffs paid the filing fee to commence this action. The order to show cause is denied and the complaint is dismissed for lack of subject matter jurisdiction as set forth below.

### Discussion

    In reviewing plaintiff's complaint, the Court is mindful that because plaintiffs are proceeding *pro se,* their submissions should be held "to less stringent standards than formal

1

pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). However, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over this action. See e.g., Rene v. Citibank NA, 32 F. Supp. 2d 539, 541-2 (E.D.N.Y. 1999) (dismissing *pro se* plaintiff's complaint for lack of subject matter jurisdiction).

This is plaintiffs' second action in this Court challenging the foreclosure and sale of the real property located at 373 East 51st Street (the "property") entered by the New York Supreme Court, Kings County under Index No. 34856/00. The first action, a complaint and order to show cause, was filed on March 15, 2005 solely against Lasalle National Bank. Plaintiff now files a second action, challenging the same judgment and foreclosure, but naming eight defendants in addition to LaSalle Bank, and adding a host of federal and state law claims, including *inter alia* the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, the Equal Credit Opportunity Act, 15 U.S.C. § 691 *et seq.*, the Home Ownership and Equity Protection Act, 15 U.S.C. § 1635 *et seq.* and the New York State Deceptive Practices Act. Complaint at ¶ 2.[1]

Plaintiff's previous action against LaSalle National Bank, one of the defendants named herein was dismissed by this Court for lack of subject matter jurisdiction on March 16, 2005. Ashby v. Lasalle National Bank., 05-CV-1370 (DLI), docket entry no 3,4 ("courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker-Feldman doctrine.") (citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of

---

[1] Plaintiff also cites to several criminal provisions of the United States Code. Compl. at ¶ 2. However, a private citizen does not have a constitutional right to initiate or to compel the initiation of criminal proceedings. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).

2

Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) and listing cases decided by district courts within this Ciruit).

This action is likewise barred under Rooker-Feldman for lack of subject matter jurisdiction. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., __ U.S. ___, 125 S.Ct. 1517, 1521-22 (2005) (the Rooker-Feldman doctrine precludes a district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments."). A plaintiff may not initiate a federal court action that: "(1) directly challenges a state court holding or decision; or (2) indirectly challenges a state court holding or decision by raising claims in federal court that are inextricably intertwined with the state court judgment, even if the claim is that the state court's action was unconstitutional." Feldman, 460 U.S. at 486. "The fact that [a] plaintiff alleges that the State Court judgment was procured by fraud does not remove [her] claims from the ambit of Rooker-Feldman." Smith v. Weinberger, 994 F. Supp. 418, 424 (E.D.N.Y.1998).

The Court has no authority over plaintiff's claims because they implicate the propriety of the state judgment of foreclosure and sale- the very issues decided by the state court. Rene v. Citibank NA, 32 F. Supp. 2d at 543; see also Dockery v. Cullen & Dykman, 90 F. Supp. 2d 233, 236 (E.D.N.Y. 2000) (federal court lacks jurisdiction over claim that foreclosure was obtained by fraud); Beckford v. Citibank N.A., No. 00-Civ-205, 2000 WL 1585684, at *3 (S.D.N.Y. Oct. 24, 2000) (federal court lacks jurisdiction over claim that defendants violated state and federal laws during foreclosure proceedings).

In the face of the Court's dismissal of their previous challenge to the foreclosure,

plaintiffs have repackaged their complaint to include citation to other federal statutes in the hopes of obtaining federal court review. Having construed the pleadings liberally, the Court finds that plaintiffs cannot circumvent the Rooker-Feldman doctrine by recasting their displeasure with the state court's judgment of foreclosure and issues "inextricably intertwined" with that judgment, as violations of various federal and state laws. Since plaintiffs' claims clearly seek to invalidate the state court judgment, the Rooker-Feldman doctrine dictates that the actions be dismissed for lack of subject matter jurisdiction. Parra v. Greenpoint Mortg., No. 01-Civ-2010, 2002 WL 32442231, at *2 (E.D.N.Y. Mar. 26, 2002); Rene v. Citibank NA, 32 F. Supp. 2d at 543; Smith v. Weinberger, 994 F. Supp. at 423. Since the Court is without subject matter jurisdiction over plaintiff's federal claims, the Court cannot exercise supplemental jurisdiction over plaintiffs's state law claims. Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996). Thus the complaint is dismissed for lack of subject matter jurisdiction.

### Leave to Replead

Although it appears unlikely that plaintiffs will be able to state a claim under federal law against defendants, the Court will afford them twenty days leave to replead. See Gomez v. USAA Federal Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999) (noting that "[a] *pro se* complaint is to be read liberally," and plaintiff should be afforded an opportunity to proceed if there is "any indication that a valid claim may be stated") (quoting Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)).

### Conclusion

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine. Fed. R. Civ. P. 12 (h)(3). Therefore, the Court cannot consider

plaintiffs' order to show cause for a preliminary injunction and temporary restraining order. However, plaintiffs are afforded twenty days leave to replead. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
DORA L. IRIZARRY
United States District Judge

Dated: Brooklyn, New York
       July 18, 2005